THE ROESSLER & HASSLACHER CHEMICAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34263.    Promulgated March 17, 1932.

*Lawrence A. Baker*, Esq., *Henry H. Elliott*, Esq., and *Henry Ravenel*, Esq., for the petitioner.
*J. R. Johnston*, Esq., for the respondent.

916

OPINION.

Murdock: The R. & H. Company filed consolidated returns for 1921 and 1922 on behalf of itself, Niagara, and four other companies. The Commissioner has removed Niagara from the alleged affiliation and has computed its tax liability separately. There is no controversy about the figures which he has used in making this determination. The petitioner contends that certain expenditures of the R. & H. Company for each year should be distributed or apportioned so that a part thereof may be used to offset Niagara's income, another part used to offset the income of Perth Amboy, and the remainder left to the R. & H. Company. It contends that authority for making this distribution or apportionment is found in section 240 (d) of the Revenue Act of 1921. A similar contention has been considered by the Board in only one reported case, that of *Broadway Strand Theatre Co.*, 12 B. T. A. 1052. Although later acts have contained a somewhat similar provision, in only one other reported case has the Board considered any of these later provisions. That was a case involving section 240 (d) of the Revenue Act of 1924 and sec-

tion 240 (f) of the Revenue Act of 1926. *Nowland Realty Co.*, 18 B. T. A. 405; affid., *Nowland Realty Co.* v. *Commissioner*, 47 Fed. (2d) 1018. In neither of these cases did the facts disclose any justification or basis for disturbing the Commissioner's determination.

Section 240 of the Revenue Act of 1921 is entitled " Consolidated Returns of Corporations." In Paragraph (a) it makes provision for returns for any taxable year beginning on or after January 1, 1922. In paragraph (b) it provides for the computation and assessment of a tax based on a consolidated return and for a credit. Paragraph (c) states the circumstances under which two or more domestic corporations shall be deemed to be affiliated. Paragraph (d) is as follows:

For the purposes of this section· a corporation entitled to the benefits of section 262 shall be treated as a foreign corporation: *Provided,* That in any case of two or more related trades or businesses (whether unincorporated or incorporated and whether organized in the United States or not) owned or controlled directly or indirectly by the same interests, the Commissioner may consolidate the accounts of such related trades and businesses, in any proper case, for the purpose of making an accurate distribution or apportionment of gains, profits, income deductions, or capital between or among such related trades or businesses.

Paragraph (e) provides that consolidated returns for any taxable year beginning prior to January 1, 1922, shall be made in the same manner and subject to the same conditions as provided by the Revenue Act of 1918. Paragraph (d) appeared for the first time in the Revenue Act of 1921.

The following questions, among others, arise: Does the provision for the consolidation of accounts in paragraph (d) apply only to corporations entitled to the benefits of section 262 and perhaps to foreign corporations? Does it apply to a taxable year beginning prior to January 1, 1922? Were the businesses of Niagara and the R. & H. Company related, and were they owned or controlled directly or indirectly by the same interests within the meaning of the act? If the Commissioner has failed to consolidate accounts, may the Board require the consolidation of accounts, and if so, to what extent and under what circumstances? Cf. *Broadway Strand Theatre Co.*, *supra; Nowland Realty Co.*, *supra; Nowland Realty Co.* v. *Commissioner*, *supra*. None of these questions has been decided by this Board or by the courts. The petitioner contends, that the consolidation of accounts may be made in any case, particularly in the present case; the two businesses were related and were owned or controlled directly or indirectly by the same interests; the Board has jurisdiction; and it is immaterial that there is no question of abuse of discretion by the Commissioner. Although we are not inclined to wholly disagree with the petitioner, we nevertheless find

it unnecessary and therefore unwise to decide any of the questions suggested above, since in any event our judgment must be for the respondent.

The petitioner has given us a list of various amounts expended and deducted entirely by the R. & H. Company. The claim is that these amounts were expended partly for the benefit of Niagara and Perth Amboy and therefore should be distributed or apportioned among the three companies. The act says the Commissioner may consolidate the accounts for the purpose of making an accurate distribution or apportionment of gains, profits, income, deductions, or capital among related businesses. Accurate must mean at least as accurate as reasonably may be under the circumstances. The Commissioner has not attempted to consolidate the accounts of these companies. He was not requested to do so prior to the hearing. We do not know what would be his method in a proper case. However, if this is an appropriate case for any distribution or apportionment, it was incumbent upon the petitioner to prove facts from which the Board could make a proper distribution or apportionment.

The petitioner argues that it has met this burden of proof by showing three satisfactory methods for making the apportionment—an apportionment which a witness gave as his opinion of a proper one, and apportionments on the basis of gross sales, or capital. The witness confessed his inability to apportion the expenditures for research, experimentals, patents and trade-marks, and library, but he stated that in his opinion 15 per cent of each of the other items in the list should be apportioned to Niagara and 15 per cent to Perth Amboy. His estimate is based only upon his general knowledge of the volume of work, orders, billings, invoices, bills, checks, and money transactions of these companies. He had supervision of some books of the other companies, but not of the general books of Niagara. We do not think that the record shows his estimate to be even reasonably accurate. Furthermore, we see no reason to believe that the total rent could not have been distributed fairly accurately, perhaps by determining what part of the space was used by each company and showing the rent for such space. The salaries and wages might have been apportioned on the basis of the time spent by each employee on the work of the separate companies. Patents, trade-marks, communications, printing and stationery, like the other items, have no necessary relation to capital, gross sales, or volume of business, but could be accurately apportioned by determining to which company each item making up each total related. There was no effort made to segregate accurately any of the expenses to determine the amount applicable to each company. It does not

appear that such an attempt would have been futile or that it was necessary to rely upon an approximation.

The methods suggested by the petitioner are short cuts. They are less onerous as to proof. But there were obviously better and more accurate methods which anyone wanting to make a reasonably accurate distribution would adopt in preference. Where some allocation is proper under section 240 (d), it is incumbent upon a petitioner before this Board to prove a more accurate method of distribution or allocation than those suggested by this petitioner, or at least to show sufficient justification for failure to do so. Even if every other question in this case were decided in the petitioner's favor, nevertheless, we could not make any allocation. We need decide nothing more.

*Judgment will be entered for the respondent.*