## Western Hide & Fur Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 44294.   Promulgated June 9, 1932.

*Russell D. Morrill, Esq.*, and *Francis L. Casey, Esq.*, for the petitioner.

*J. M. Leinenkugel, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

356

OPINION.

SMITH: Section 240 (d) of the Revenue Act of 1924 and section 240 (f) of the Revenue Act of 1926 are identical and are as follows:

In any case of two or more related trades or businesses (whether unincorporated or incorporated and whether organized in the United States or not) owned or controlled directly or indirectly by the same interests, the Commissioner may and at the request of the taxpayer shall, if necessary in order

to make an accurate distribution or apportionment of gains, profits, income, deductions, or capital between or among such related trades or businesses, consolidate the accounts of such related trades or businesses.

The respondent contends that the mandatory requirement upon him to make the reallocation applies only where the necessity exists because of inaccurate distribution or apportionment, asserting that the instant proceeding does not require a consolidation of accounts.

This Board considered the above provision of the Revenue Acts in *Nowland Realty Co.*, 18 B. T. A. 405, 414; affd., 47 Fed. (2d) 1018, and denied the consolidation of the accounts of that petitioner with another taxpayer on the facts presented in that proceeding. We there said:

* * * the statute specifically provides that the consolidation of the accounts as provided for therein shall be made " if. necessary in order to make an accurate distribution or apportionment of gains, profits, income, deductions or capital between or among such related trades or businesses." This requirement must be met in order for accounts to be consolidated. * * *

In affirming the Board's decision in the above case, the Circuit Court of Appeals for the Seventh Circuit (*Nowland Realty Co.* v. *Commissioner*, 47 Fed. (2d) 1018, 1021) said:

It is not perfectly clear from a reading of section 240 (d), Act of 1924 (26 USCA § 993 note), to what extent a court may review the action of the commissioner to ascertain whether a fact situation exists which makes it necessary to consolidate accounts in order to make an accurate distribution of profits. What is meant by the word " accurate " as used in the statute? Who determines whether a consolidated statement depicts more accurately distribution or apportionment of gains than two independent statements? While we are not inclined to deny to the board or to this court the right to review the question presented by this test, yet obviously there is, we think, some discretion left in the commissioner, and the exercise of that discretion can only be disturbed when an abuse of it is shown.

Section 240 (d) of the Revenue Act of 1921 is substantially the same as the provisions of the later acts now under consideration, and has been considered in *Broadway Strand Theatre Co.*, 12 B. T. A. 1052, and *Roessler & Hasslacher Chemical Co.*, 25 B. T. A. 915. In both cases the consolidation of accounts was denied. In the first case, we said:

* * * It has not been shown that there was such an intermingling of the accounts of the two businesses in question as would necessitate the consolidation of their accounts in order to make " an accurate distribution or apportionment of gains, profits, income, deductions, or capital between or among such related trades or businesses," or that the accounts should be consolidated to obviate the situation as pointed out in Report No. 275 of the Committee on Finance " to prevent the arbitrary shifting of profits among related businesses."

In *Roessler & Hasslacher Chemical Co.* the petitioner contended that certain expenditures it had made " should be distributed or apportioned so that a part thereof may be used to offset Niagara's

[Electro Chemical Co.] income, another part used to offset the income of Perth Amboy [Chemical Works], and the remainder left to the R. & H. Company." The facts of that case show the amounts expended by that petitioner in conducting the businesses of the three chemical companies. That petitioner sought an apportionment of the expenses under one of three methods: first, a percentage based upon a witnesses' opinion; second, on the basis of gross sales; or, third, on the basis of capital. In rejecting the proposed methods, we said:

The methods suggested by the petitioner are short cuts. They are less onerous as to proof. But there were obviously better and more accurate methods which anyone wanting to make a reasonably accurate distribution would adopt in preference. Where some allocation is proper under section 240 (d), it is incumbent upon a petitioner before this Board to prove a more accurate method of distribution or allocation than those suggested by this petitioner, or at least to show sufficient justification for failure to do so. Even if every other question in this case were decided in the petitioner's favor, nevertheless, we could not make any allocation. We need decide nothing more.

The petitioner contends that its income should be reduced and the income of the John Finnigan Company increased by "an amount equal to at least 6% on the average monthly debit balances" owing to John Finnigan Company by reason of advances to the petitioner. The allocation contended for, in effect, amounts to, first, allowing petitioner a deduction for interest that was not paid in the taxable years and for which no liability has been shown to have been incurred in these years; and, second, crediting the John Finnigan Company with income which, according to the evidence, it neither received nor had any right to receive in these years. In this manner petitioner contends that the interest " deduction " should be allocated for the years under consideration in the following amounts:

| | |
|---|---|
| 1924 | $7, 284. 01 |
| 1925 | 4, 389. 78 |
| 1926 | 7, 252. 55 |

· It is to be noted that the statute provides for the consolidation of accounts " if necessary in order to make an accurate distribution or apportionment of * * * deductions." We believe that Congress used the word " deductions " in this provision as meaning the deductions provided for in section 234 of the act. Obviously, the proposed method of allocating on amount representing 6 per cent of the petitioner's average monthly debit balance on advances from the John Finnigan Company is not an accurate distribution of the deductions within the purview of the statute. No agreement for the payment of interest on these advances has been disclosed by the record, and no interest was in fact paid, but should we nevertheless consolidate the accounts of the two companies, there would have to

be " an accurate distribution or apportionment " between them and we would still have no allowable interest deduction to apportion. Only " interest paid or accrued within the taxable year on its indebtedness " would be deductible by the petitioner (section 234 (2) of the Revenue Act of 1924) ; the amounts proposed are not within the purview of that provision of the statute, and are apparently not included in the accounts to be consolidated.

The instant proceeding is very much like *Roessler & Hasslacher Chemical Co., supra*, except that one comes under the 1924 and 1926 Acts and the other under the 1921 Act. However, this difference is not material. There, the three corporations had filed consolidated returns, just as here, and one had been held without the affiliated group, just as here. There, certain expenditures were made on behalf of three corporations, which that petitioner sought to have apportioned; here, certain expenditures were made by the John Finnigan Company, a portion of which petitioner contends should be apportioned to it to determine its true income. The petitioner contends that the John Finnigan Company " paid for various services to Petitioner in 1924 and 1925, * * * and this expense was deducted in item 22 ' Other Deductions ' of Finnigan's Accounts in Central's Consolidated Federal income tax return * * * in the amount of $103,457.57 in 1924 and $74,356.80 in 1925."

These amounts appear on the return as " Branch & Genl. Expense Hide Buying Cos." The facts show that the John Finnigan Company performed services for and extended facilities to the petitioner and other organizations controlled by the Central Leather Company. Obviously, these amounts are not wholly attributable to the services of the John Finnigan Company on behalf of the petitioner. The parties stipulated, and we have made findings accordingly, the amounts of the expenses of the John Finnigan Company and the petitioner for the years 1924 and 1925. Likewise, we have found from the stipulation the amounts of petitioner's sales, the John Finnigan Company's sales, and the sales of the John Finnigan Company for the petitioner. The petitioner contends that some portion of these expenses is properly deductible by it, and they should be allocated between the John Finnigan Company and petitioner on one of the following bases, or, in the discretion of the Board, on a combination of such bases:

$$\frac{\text{Sales by Finnigan for Petitioner}}{\text{Total Sales by Finnigan for Petitioner and itself}} \times \left\{ \begin{array}{l} \text{Finnigan's General Expense} \end{array} \right\} = \left\{ \begin{array}{l} \text{Portion of Finnigan's Expenses allocable to Petitioner.} \end{array} \right.$$

2. $\dfrac{\text{Petitioner's total sales}}{\text{Petitioner's and Finnigan's total sales}} \times \left\{\begin{array}{l}\text{Combined expense of}\\ \text{Petitioner \& Finni-}\\ \text{gan}\end{array}\right\} = \left\{\begin{array}{l}\text{Petitioner's share of}\\ \text{combined expenses.}\end{array}\right.$

3. $\dfrac{\text{Sales by Finnigan for Petitioner}}{\text{Petitioner's total sales}} \times \left\{\begin{array}{l}\text{Petitioner's net in-}\\ \text{come}\end{array}\right\} = \left\{\begin{array}{l}\text{Portion of Petitioner's}\\ \text{income allocable to}\\ \text{Finnigan for serv-}\\ \text{ices.}\end{array}\right.$

The combination proposed is to use the average of the result of the three formulae. We are not impressed with such proposals. First, no showing is made respecting the sales and expenses of the other corporations controlled by the Central Leather Company and for which the John Finnigan Company rendered the same sort of services rendered to or for the petitioner; and, second, even assuming that all the amounts shown are attributable to the petitioner and the John Finnigan Company and that the other companies in the group may be ignored, the proposals do not accurately establish the expenses to be apportioned or allocated to each company. Here, as in the *Roessler & Hasslacher Chemical Co.* case, *supra*, " there was no effort made to segregate accurately any of the expenses to determine the amount applicable to each company. It does not appear that such an attempt would have been futile or that it was necessary to rely upon an approximation."

If the accounts of the petitioner and the John Finnigan Company were consolidated under section 240 (d) of the 1924 Act, and section 240 (f) of the 1926 Act, we would nevertheless be confronted with the problem of breaking up the accounts and segregating the items attributable to each in order to determine the petitioner's correct tax liability. We have no sufficient evidence on which to make such a segregation. Separate accounts were kept by or for each company and the detailed expense of each is shown. We can not determine that the method used does not accurately distribute or apportion the items of income and expenses; certainly the proposed methods would not more accurately distribute or apportion these items between the petitioner and the John Finnigan Company. Furthermore, no showing is made with respect to expenses for 1926.

Although the evidence establishes that the petitioner and the John Finnigan Company were engaged in related trades or businesses, owned or controlled by the same interests, the evidence does not disclose an abuse by the respondent of the discretion reposed in him by refusing to consolidate the accounts of these two corporations. His action is sustained.

*Judgment will be entered for the respondent.*